IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEWIS,

        Plaintiff,

    v.                          Case No.  06-4066-KGS

UFCW LOCAL 2,

        Defendant.

_____

**MEMORANDUM AND ORDER**

This matter comes before the court upon defendant United Food & Commercial Workers District Union Local Two's (hereinafter "UCFW") Motion for Summary Judgment (Doc. 18). Plaintiff has filed a Response in Opposition to defendant's motion for summary judgment (Doc. 24) as well as an "Amended Opposition to Defendant's Motion for Summary Judgment" (Doc. 26) to which defendant has replied (Doc. 25).  Defendant subsequently filed a Motion to Strike Plaintiff's Amended Opposition to Defendant's Motion for Summary Judgment (Doc. 27). Plaintiff has filed a response in opposition to this motion (Doc. 29) to which defendant has filed its Reply (Doc. 31).  The court therefore deems these motions ripe for disposition.

I.    **Defendant's Motion for Summary Judgment (Doc. 18).**

    A.    **Summary Judgment Standard.**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of

law."[1]  For the purpose of reviewing a summary judgment motion, a factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."[2]  A "genuine" issue of fact exists where "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[3]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[4]  To meet this standard, the moving party does not need to negate the claims of the non-movant; instead, the moving party can simply point out the absence of evidence for the non-moving party on an essential element of that party's claim.[5]  Once the moving party satisfies this initial burden in a properly supported motion, the burden shifts to the non-moving party to show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."[6]  The non-moving party may not rest on mere allegations or denials in its response in opposition to summary judgment, but "must set forth specific facts showing that there is a genuine issue for trial."[7]  Therefore, the mere existence of some alleged

---

[1] Fed. R. Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson,* 477 U.S. at 248).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  *See also Doebele v. Sprint Corp.*, 157 F.Supp.2d 1191, 1195 (D. Kan. 2001); and *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir., 1991).

[5] *Adams v. Am. Guarantee & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000).

[6] *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990).

[7] *Liberty Lobby*, 477 U.S. at 256.

factual dispute between the parties will not defeat a properly supported motion for summary judgment.[8]  The court must consider the record in the light most favorable to the non-moving party.[9]  However, in a response to a motion for summary judgment, "a non-moving party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment on the mere hope that something will turn up at trial."[10]

**B.    Facts.**

Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion.[11]  In this case, plaintiff's response failed to provide the court with a "section that contains a concise statement of material facts as to which the party contends a genuine issue exists."[12]  As a result, "All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment[.]"[13]

In November 2000, Ball's Price Chopper hired plaintiff Anthony Lewis as a cashier.  At the time he was hired, plaintiff became a member of defendant Union.  On September 22, 2004,

---

[8] *Id.*

[9] *See Doebele*, 157 F. Supp.2d at 1195.  *See also Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir. 1991).

[10] *Zapata v. IBM, Inc.,* 1998 U.S. Dist. LEXIS 21702 *17 (D. Kan. September 29, 1998)(citing *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988)).

[11] D. Kan. R. 56.1(a).

[12] D. Kan. R. 56.1(b).

[13] D. Kan. R. 51(a) ("All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of opposing party.").

Price Chopper terminated plaintiff's employment.   On September 24, 2004, in response to his termination, defendant Union filed a grievance with Price Chopper protesting plaintiff's termination.   On October 1, 2004, Price Chopper denied the grievance and listed the reasons for plaintiff's termination in its denial.   Subsequently, in January 2005, defendant Union informed plaintiff of its decision not to pursue his grievance to arbitration.

In accordance with union policy, plaintiff appealed defendant's decision not to arbitrate his grievance to defendant's Executive Board on February 24, 2006.   On April 8, 2005, Union President Tom Price sent plaintiff a letter that informed plaintiff of the date, time, and location for plaintiff's internal union appeal in front of the Union's Executive Board.   President Price's April 8, 2005 correspondence also informed plaintiff that he had the right to submit written statements to the Executive Board in support of his appeal.   On April 21, 2005, plaintiff sent defendant a written statement in support of his internal union appeal, and on April 26, 2005, defendant's Executive Board met to hear plaintiff's appeal.   Despite receiving notice of the meeting, plaintiff did not attend.   The Executive Board, having reviewed the merits of plaintiff's appeal, denied plaintiff's appeal at the April 26, 2005 meeting.

On May 3, 2005, defendant's Recorder and Director of Collective Bargaining – Cindi Nance – wrote plaintiff informing him of the Executive Board's decision not to arbitrate plaintiff's grievance.   On June 20, 2006 – thirteen months later – plaintiff filed the instant action.

### C.      Contentions.

At the outset, plaintiff alleged in his complaint:

> "The defendant inadequately and insufficiently represented plaintiff in any issue
> or grievance.  Some issue[s] were not resolved, other issues were resolved on
> behalf of the company.  Plaintiff was terminated from his former employer and

defendant voted not to arbitrate his case.[14]

Defendant, in its Motion for Summary Judgment (Doc. 18), argues that a claim such as plaintiff's falls under the category of breach of the duty of fair representation and is therefore subject to a six-month statute of limitations as implied under the scheme of the National Labor Relations Act.[15]  According to defendant, the latest date by which plaintiff's cause of action could have accrued was on or about May 3, 2005 – the date on which defendant's Recorder and Director of Collective Bargaining wrote plaintiff to inform him of the Executive Board's decision not to arbitrate plaintiff's grievance.  Because plaintiff did not file his case until June 20, 2006 – more than a year later – defendant contends that the six-month statute of limitations has run on plaintiff's claim and defendant is entitled to summary judgment.

Plaintiff has filed three briefs which could be characterized as responses in opposition to defendant's Motion for Summary Judgment.[16]  Plaintiff curiously contends defendant's motion for summary judgment is both premature and time-barred.[17]  Plaintiff next contends that his cause of action did not accrue until June 20, 2006 – the day plaintiff filed his present lawsuit –

---

[14]Plaintiff's Complaint (Doc. 1) at p. 3.

[15]29 U.S.C. §160(b).

[16]Plaintiff has filed an "Opposition to Defendant's Motion for Summary Judgment" (Doc. 24); an "Amended Opposition to Defendant's Motion for Summary Judgment" (Doc. 26); and a "Reply Suggestion in Support of Opposition to Defendant's Motion for Summary Judgment" (Doc. 30).

[17]Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 24) at pp. 1-2 ("This court stated that any motion to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim of relief shall be filed by October 13, 2006.  The time has passed for any motions of that nature to be filed. This court also states that any dispositive motions (motions for summary judgment) shall be filed by February 16, 2007.  Defendant's motion for summary judgment was filed on October 25, 2006 and was filed prematurely[.]").

because plaintiff "did not learn that he was injured until June 20, 2006[,] after he had resolved his lawsuit against his former employer 4 B Corp[.]"[18] Additionally, plaintiff argues that a six-month statute of limitations does not apply to this case because this case is a breach of contract claim under Kansas state law.[19]  Next, plaintiff contends that his cause of action should also be characterized as a tort action,[20] that a two-year statute of limitations should thus apply to such action, and that any statute of limitations should be tolled until plaintiff had "sufficient ascertainable injury to justify action for recovery of damages."[21]

> **D.    Discussion.**

As stated previously, defendant seeks summary judgment on the ground that plaintiff's claim alleges defendant union's breach of the duty of fair representation and, as such,  is subject to a six-month statute of limitations for bringing such an action under §10(b) of the National Labor Relations Act.[22]  On or about May 3, 2005, defendant's Recorder and Director of Collective Bargaining wrote plaintiff to inform him of the union Executive Board's decision not to arbitrate plaintiff's grievance.  Since plaintiff is challenging defendant's conduct and decision not to take his grievance to arbitration, defendant contends plaintiff's claim against the union accrued at the time he was notified of defendant's decision.  Because plaintiff did not file his

---

[18]*Id.* at 2.

[19] *Id.* at 2 ("...[T]his case is filed based on breach of contract.").

[20]*Id.* at 4 ("Plaintiff is filing this case under tort action."); *Id.* at 5 ("Wherefore, plaintiff is within the prescribed time to file tort against defendant.  Defendant has not presented any statues [sic] that state the prescribed time to file *tort or breach of contract* action.  Plaintiff has met this requirement.")(emphasis added).

[21]*Id.* at 3.

[22]29 U.S.C. §160(b).

case until June 20, 2006 – more than a year later – defendant contends that the six-month statute of limitations has run on plaintiff's claim and, therefore, defendant is entitled to summary judgment.  First, the court will address how plaintiff's claim should be characterized.  Then, the court will address what statute of limitations should apply to plaintiff's claim.

### 1.    Characterization of Plaintiff's Claim.

Defendant argues that the court should characterize plaintiff's claim as one for breach of the duty of fair representation.  In an effort to avoid the application of the six-month statute of limitations, plaintiff contends his claim is based on breach of contract and tort law under Kansas state law.

Generally speaking, an employee "may bring suit against his employer for breach of a collective bargaining agreement."[23]  However, an employee generally is required to exhaust all grievance or arbitration remedies provided in the collective bargaining agreement prior to filing suit.[24]  The employee will be bound by the result according to the finality provisions of the agreement and such result is subject to very limited judicial review.[25]

In addition, the United States Supreme Court has noted that this rule works "an unacceptable injustice" if the union representing the employee in the grievance/arbitration procedure acts "in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation."[26]  In such a case, the employee may bring suit against the union

---

[23]*Del Costello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 163 (1983)(citing *Smith v. Evening News Assn.*, 371 U.S. 195 (1962)).

[24]*Id.* (citing *Republic Steel Corp. V. Maddox*, 379 U.S. 650 (1965)).

[25]*Id.* at 164.

[26]*Id.*

for breach of the duty of fair representation, which is implied under the scheme of the National

Labor Relations Act.[27]

In this case, plaintiff alleges:

> The defendant inadequately and insufficiently represented plaintiff in any issue or
> grievance. Some issue[s] were not resolved, other issues were resolved on behalf
> of the company. Plaintiff was terminated from his former employer and
> defendant voted not to arbitrate his case.[28]

Plaintiff also states in his Complaint:

> Plaintiff seek[s] $75,000 which includes union dues, *inadequate representation*
> and collecting union dues and *not representing plaintiff adequately.*[29]

Further, in his response to defendant's motion for summary judgment (Doc. 24), plaintiff

contends:

> "[T]he defendant Union should have [represented] plaintiff by arbitrating a[n]
> unresolved grievance to an arbitrator instead of plaintiff filing action and getting
> the results the Union should have gotten by arbitrating the case."

Finally, the parties state in their agreed Pretrial Order (Doc. 34):

> "This is a Section 301 action involving claims of breach of the duty of fair
> representation."

Under these circumstances, the court concludes that this action is most appropriately

characterized as one based upon breach of the duty of fair representation. While plaintiff

contends he filed his action based upon Kansas contract and tort law, the cases to which plaintiff

cites for those propositions are unhelpful, as those cases do not involve employees suing their

---

[27]*Id.* at 164 (citations omitted).

[28]Complaint (Doc. 1) at p. 3.

[29]*Id.* at p. 5 (emphasis added).

union for failing to adequately represent them or arbitrate a grievance.[30]

Therefore, the court finds that plaintiff's claim is most appropriately characterized as a claim for breach of the duty of fair representation.  This conclusion is evidenced by plaintiff's own characterization of his claim in his Complaint, plaintiff's response to defendant's motion for summary judgment, and the parties' characterization of plaintiff's claim in the Pretrial Order.

### 2.    Statute of Limitations for Plaintiff's Claim.

The court has concluded that plaintiff's claim is most appropriately characterized as a claim for breach of the duty of fair representation.  Therefore, the court now addresses what statute of limitations applies to a claim for breach of the duty of fair representation.

Plaintiff argues that a two-year statute of limitations applies pursuant to K.S.A  § 60-513.  The court disagrees.  Rather, the court finds the law is well-settled that the applicable statute of limitations for claims of a breach of the duty of fair representation is six (6) months.[31]  While K.S.A § 60-513 does set forth the types of Kansas state law actions which must be brought within two years, K.S.A § 60-513 does not expressly apply to claims for breach of the duty of fair representation.  Moreover, the United States Supreme Court has expressly rejected application of state law statutes of limitations for breach of the duty of fair representation claims and has further held that such claims are subject to a six-month limitation period under §10(b) of

---

[30]*See Benne v. IBM*, 87 F.3d 419 (10th Cir. 1996)(involving negligence and product liability claims, alleging negligence in the design of a computer keyboard caused plaintiff repetitive stress injuries); *See also Lohf v. Runyon*, 999 F. Supp. 1430 (D. Kan. 1998)(involving a variety of claims arising from plaintiff's employment, suspension, and removal from employment as a United States postal worker); *Rigby v. Clinical Reference Lab*, 995 F. Supp. 1217 (D. Kan. 1998)(involving a variety of claims stemming from an allegedly "false positive" drug test).

[31]*Hagerman v. United Transp. Union*, 281 F.3d 1189, 1197-98 (10th Cir. 2002)(citing *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151 (1983)).

the National Labor Relations Act.[32]  Thus, the court finds K.S.A. § 60-513 – or any other state-law statute of limitations – does not apply to plaintiff's claim and the applicable statute of limitations for plaintiff's claim is instead the six-month period contained in §10(b) of the National Labor Relations Act[33].

    In a final effort to avoid application of the six-month statute of limitations, plaintiff contends that his cause of action did not begin to accrue or, alternatively, should be tolled  until June 20, 2005 – the day plaintiff filed his lawsuit.  The court disagrees and finds this argument to be without merit.  To hold otherwise would render statutes of limitations meaningless.   Rather, the court agrees with defendant and finds the six-month limitations period on a claim for breach of the duty of fair representation begins to run when an employee "knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations."[34]

    In this case, plaintiff was on notice of his claim at the latest on or about May 3, 2005 – when defendant mailed plaintiff a letter that his grievance would not be arbitrated.   The undisputed facts in this case demonstrate that on September 24, 2004, in response to his termination, defendant Union filed a grievance with Price Chopper protesting plaintiff's

---

    [32]*DelCostello v. Int'l Bhd. Of Teamsters et al.,* 462 U.S. 151, 169, 170 (1983)("In this case...we have available a federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake here – a statute that is, in fact, an anology to the present lawsuit more apt than any of the suggested state-law parallels...We refer to §10(b) of the National Labor Relations Act, which establishes a 6-month period for making charges of unfair labor practices to the NLRB....[and] [t]he NLRB has consistently held that all breaches of a union's duty of fair representation *are* in fact unfair labor practices.").

    [33]29 U.S.C. §160(b).

    [34] *Spaulding v. United Transportation Union*, 279 F.3d 901, 908 (10th Cir. 2002)(citations omitted).

termination and on October 1, 2004, Price Chopper denied the grievance and listed the reasons for plaintiff's termination in its denial.  The undisputed facts additionally show that in accordance with union policy, plaintiff appealed defendant's decision not to arbitrate his grievance to defendant's Executive Board on February 24, 2006 and on April 8, 2005, Union President Tom Price sent plaintiff a letter that informed plaintiff of the date, time, and location for plaintiff's internal union appeal in front of the Union's Executive Board.  This letter also informed plaintiff that he had the right to submit written statements to the Executive Board in support of his appeal.  On April 21, 2005, plaintiff sent defendant a written statement in support of his internal union appeal, and on April 26, 2005, defendant's Executive Board met to hear plaintiff's appeal.  However, despite receiving notice of the meeting, plaintiff did not attend. The Executive Board, after reviewing the merits of plaintiff's appeal, denied plaintiff's appeal at the April 26, 2005 meeting and on May 3, 2005, defendant's Recorder and Director of Collective Bargaining – Cindi Nance – wrote plaintiff informing him of the Executive Board's decision not to arbitrate plaintiff's grievance.  Therefore, the court finds that the latest date on which plaintiff's cause of action accrued was on or about May 3, 2005.

Pursuant to the six-month statute of limitations, the court finds that plaintiff would have had to file his lawsuit on or about November 3, 2005, in order to fall within the statute of limitations.  Because plaintiff did not file his lawsuit until more than seven months later on June 20, 2006, the court finds that plaintiff filed his lawsuit after the statute of limitations had expired as to his claim and defendant's Motion for Summary Judgment (Doc. 18) should be granted on this basis.

**II.    Defendant's Motion to Strike Plaintiff's "Amended Opposition to Defendant's Motion fo Summary Judgment" (Doc. 27).**

Defendant also moves to strike plaintiff's "Amended Opposition to Defendant's Motion for Summary Judgment."  Defendant contends that the Federal Rules of Civil Procedure do not authorize such a filing, as such filing was made after defendant had filed a Reply to its Motion for Summary Judgment and the issues were fully joined and ripe for disposition.  Plaintiff contends that his amended opposition is a proper filing pursuant to Fed. R. Civ. P.  15. Furthermore, plaintiff contends that he "left out some important facts," and also contends that because counsel was never served a copy of his original response, his additional responses are permitted.

The court, upon a full review of the record, finds that Defendant's Motion to Strike Plaintiff's Amended Opposition to Defendant's Motion for Summary Judgment (Doc. 27) should be denied.  While the court agrees with defendant that the Federal Rules of Civil Procedure do not authorize filing an amended opposition without leave of court once a reply has already been filed, the court, out of an abundance of caution,  has reviewed plaintiff's additional responses and fails to find sufficient grounds contained in those responses to alter this court's decision on defendant's motion.  Therefore, having reviewed plaintiff's responses, and having failed to find sufficient grounds contained in those responses to warrant a denial of defendant's Motion for Summary Judgment, the court shall deny defendant's Motion to Strike (Doc. 27) as moot. Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc. 18) is hereby granted.

**IT IS FURTHER ORDERED** that defendant's Motion to Strike (Doc. 27) is hereby denied.  Judgment shall be entered in favor of defendant in accordance with this order.

**IT IS SO ORDERED.**

Dated this <u>28th</u> day of <u>February</u> 2007, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge
